RESPECTFULLY SUBMITTED,

/s/ Steven M. Kramer
[Steven M. Kramer]

DATED: 3/16/89

**Nancy DeCHRISTOFORO and Mark DeChristoforo and Morris B. Stackhouse**

v.

**Emanuel L. SARRIS and Jane M. Sarris and Sarris Financial Group, Inc.**

v.

**MASSACHUSETTS GENERAL LIFE INSURANCE COMPANY.**

Civ. A. No. 88–5250.

United States District Court, E.D. Pennsylvania.

Nov. 6, 1989.

---

Edward Jay Weiss, Media, Pa., for plaintiffs.

William J. Schmidt, Philadelphia, Pa., for defendants Sarris.

Jonathan Brafe, Philadelphia, Pa., for defendant Massachusetts.

## OPINION AND ORDER

VAN ANTWERPEN, District Judge.

This matter comes before the court upon the plaintiffs' Motion to Compel Answers to Interrogatories and the third party defendant's response to that motion. For the reasons given below, we shall deny the plaintiffs' motion to compel.

Interrogatory #2, which forms the object of this motion to compel, reads as follows: "With respect to each of the plaintiffs, what is the present value of future premiums based upon the life expectancy of each, determined by the guaranteed interest rate in each of the policies in question?" The third party defendant, Massachusetts General Life Insurance Company, has objected to this interrogatory on the grounds that it is not obligated to perform this calculation for the plaintiffs.

The calculation requested by the plaintiffs would require the participation of an actuary. We believe that the opinion of an actuary would constitute an "expert opinion." In a telephone conference with counsel for the plaintiffs and counsel for the third party defendant, held at the request of the court on October 30, 1989, counsel for the third party defendant stated that there was no intention on the part of the third party defendant of calling an actuary as a witness at the trial of the instant case. The request that the plaintiffs are making in the instant case is really that the third party defendant retain an expert to give an opinion in preparation for trial, despite the desire of the third party defendant not to retain such an expert, in the first place. Fed.R.Civ.P. 26(b)(4)(B) reads:

A party may discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial, only as provided in Rule 35(b) or upon a showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means.

Even were we to find a request such as that made by the plaintiffs to be permissible under Fed.R.Civ.P. 26—a conclusion which we do not draw in this opinion—we should reject the plaintiffs' motion to compel for this reason: the plaintiffs have shown no "exceptional circumstances" which make it "impracticable ... to obtain facts or opinions on the same subject by other means." [1] The plaintiffs have shown us no reason why they cannot obtain the opinion sought in interrogatory #2 through actuarial expertise of their own.

For the reasons adduced above, we shall, therefore, deny the plaintiffs' motion to compel.

---

1. Fed.R.Civ.P. 35(b) has no relevance in the instant case because it pertains to "Report of Examining Physician or Psychologist."